**BUCKLEYSANDLER LLP**
FREDRICK S. LEVIN (State Bar No. 187603)
flevin@buckleysandler.com
DUSTIN A. LINDEN (State Bar No. 280524)
dlinden@buckleysandler.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Telephone: (310) 424-3900
Facsimile: (310) 424-3960

*Attorneys for Defendants Meritplan Insurance Company, Newport Insurance Company, and QBE FIRST Insurance Agency, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GARY CRAIG HADDOCK,<br><br>          Plaintiff,<br>     vs.<br><br>COUNTRYWIDE BANK, N.A.;<br>COUNTRYWIDE HOME LOANS, INC; COUNTRYWIDE FINANCIAL CORPORATION; BANK OF AMERICA, N.A.; BAC HOME LOAN SERVICING, L.P.; THE BANK OF NEW YORK MELLON fka The Bank of New York as Trustee for the Holders of CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA4 Mortgage Pass-through Certificates, Series 2007-OA4; MERITPLAN INSURANCE COMPANY; NEWPORT INSURANCE COMPANY; BALBOA INSURANCE COMPANY; QBE FIRST INSURANCE AGENCY; SELECT PORTFOLIO SERVICING, INC.<br><br>          Defendants. | Case No. 2:14-cv-06452-PSG-FFM<br><br>*Honorable Philip S. Gutierrez*<br><br>**JOINT STIPULATION TO SET DATE FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO THE OPERATIVE COMPLAINT** |

This Stipulation is made by and between Plaintiff Gary Craig Haddock ("Plaintiff"), and Defendants Countrywide Bank, N.A., Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America, N.A., BAC Home Loan Servicing, L.P., The Bank of New York Mellon, Alternative Loan Trust 2007-OA4 Mortgage Pass-through Certificates, Series 2007-OA4, Meritplan Insurance Company, Newport Insurance Company, QBE FIRST Insurance Agency, Inc., and Select Portfolio Servicing, Inc. (collectively, "Defendants"; with Plaintiff, collectively, the "Parties"), by and through their respective attorneys of record.

## RECITALS

**WHEREAS**, on November 25, 2015, Plaintiff filed his Second Amended Complaint ("SAC"), ECF No. 149;

**WHEREAS**, on January 14, 2016, Defendants filed motions to dismiss the SAC, ECF Nos. 153-54, 156-58;

**WHEREAS**, on June 2, 2016, the Court issued its Order Granting In Part and Denying In Part Motions to Dismiss ("June 2 Order"), ECF No. 172;[1]

**WHEREAS**, pursuant to Fed. R. Civ. P. 14(a)(4)(A), Defendants' respective answers or other responses to the SAC are presently due June 16, 2016;

**WHEREAS**, pursuant to the June 2 Order, Plaintiff was granted leave to file a Third Amended Complaint ("TAC") no later than June 23, 2013, or the claims dismissed with leave to amend will be dismissed with prejudice;

**WHEREAS**, Plaintiff has no obligation to file a TAC, but has stated his intention to do so by the June 23, 2016 deadline;

**WHEREAS**, pursuant to Fed. R. Civ. P. 15(a)(3), if Plaintiff files a TAC, Defendants' respective responses thereto will be due 14 days thereafter;

**WHEREAS**, the Parties have met and conferred in good faith regarding this

---

[1] Pursuant to the June 2 Order, all claims against Balboa Insurance Company were dismissed without leave to amend and therefore it is not a party to this stipulation.

Stipulation, and agree on the need to avoid burdening the Court or the Parties with unnecessary or duplicative filings, including Defendants' answers or other responses to the SAC which would be mooted by the filing of the TAC shortly thereafter;

**WHEREAS**, to avoid the burdens described in the preceding clause, the Parties agree that Defendants must answer or otherwise respond to the operative complaint by **July 7, 2016** (14 days after June 23), whether the operative complaint is the SAC or TAC;

**WHEREAS**, in the event that any of the Defendants files a Rule 12(b) motion in response to the TAC (if filed), the hearing date for any such motion(s) shall be set for no earlier than August 22, 2016, with Plaintiff's respective opposition(s) due 28 days before the hearing date so set;

**WHEREAS**, neither the Parties nor the Court will be prejudiced by this Stipulation;

**WHEREAS**, this Stipulation does not affect any hearings or deadlines set by the Court; and

**WHEREAS**, this Stipulation is made without prejudice to, or waiver of, any rights or defenses otherwise available to Plaintiff or Defendants in this action, including without limitation to any challenge to jurisdiction or venue authorized by Federal Rule of Civil Procedure 12(b).

## STIPULATION

**WHEREFORE**, the Parties **STIPULATE** and **AGREE** as follows:

1. Defendants need not answer or otherwise respond to the SAC before June 23, 2016;

2. If Plaintiff does not file a TAC by June 23, 2016, Defendants must answer or otherwise respond to the SAC by **July 7, 2017**;

3. If Plaintiff files a TAC by June 23, 2016, Defendants must answer or otherwise respond to the TAC by **July 7, 2017**;

4. If any of the Defendants files a Rule 12(b) motion in response to the TAC (if filed), the hearing date for any such motion(s) shall be set for no earlier than August 22, 2016, with Plaintiff's respective opposition(s) due 28 days before the hearing date so set.

**IT IS SO STIPULATED.**

DATED: June 13, 2016

| | |
|---|---|
| **BUCKLEYSANDLER LLP** | **MCGUIREWOODS LLP** |
| By: */s/ Dustin A. Linden* [2]<br>    Dustin A. Linden | */s/ Adam F. Summerfield*<br>Adam F. Summerfield |
| *Attorneys for Meritplan Insurance Company, Newport Insurance Company, and QBE FIRST Insurance Agency, Inc.* | *Attorneys for Countrywide Bank, N.A., Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America, N.A., BAC Home Loan Servicing, L.P., and The Bank of New York Mellon, Alternative Loan Trust 2007-OA4 Mortgage Pass-through Certificates. Series 2007-OA4* |
| **LOCKE LORD LLP** | **KRAKOWSKY MICHEL** |
| */s/ Aileen Ocon*<br>    Aileen Ocon | */s/ Shinaan S. Krakowsky*<br>Shinaan S. Krakowsky |
| *Attorneys for Select Portfolio Servicing, Inc.* | *Attorneys for Plaintiff Gary Craig Haddock* |

---

[2] Pursuant to rule 5-4.3.4(a)(2)(i) of the Central District's Local Rules, I attest that all of the signatories listed on this signature page, and on whose behalf this filing is submitted, concur in the filing's content.

3

JOINT STIPULATION TO SET DATE FOR DEFENDANTS TO
ANSWER OR OTHERWISE RESPOND TO THE OPERATIVE COMPLAINT