1
2
3
4
5
6
7
8

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 11  GARY CRAIG HADDOCK, | Case No. 2:14-cv-06452-PSG-FFM |
| 12          Plaintiff, | [~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER |
|      vs. | |
| 13 | |
|   COUNTRYWIDE BANK, N.A., | |
| 14  COUNTRYWIDE HOME LOANS, INC; COUNTRYWIDE FINANCIAL | District Judge: Philip S. Gutierrez |
| 15  CORPORATION; BANK OF | Magistrate Judge: Frederick F. Mumm |
|   AMERICA, N.A.; BAC HOME LOAN | |
| 16  SERVICING, L.P.; THE BANK OF | Courtroom:    880 |
|   NEW YORK MELLON fka The Bank | |
| 17  of New York as Trustee for the Holders | |
|   of CWALT, INC., ALTERNATIVELY | |
| 18  LOAN TRUST 2007-OA4 Mortgage | |
|   Pass-through Certificates, Series 2007- | |
| 19  OA4; MERITPLAN INSURANCE | |
|   COMPANY; NEWPORT INSURANCE | |
| 20  COMPANY; QBE FIRST INSURANCE | |
|   AGENCY; SELECT PORTFOLIO | |
| 21  SERVICING, INC. | |
| 22          Defendants. | |

23
24
25
26
27
28

## RECITALS

WHEREAS Plaintiff Gary Craig Haddock ("Plaintiff") and Defendants Countrywide Bank, N.A., Countrywide Home Loans, Inc., Countrywide Financial Corporation, Bank of America, N.A., BAC Home Loan Servicing, L.P., The Bank of New York Mellon, Alternative Loan Trust 2007-0A4 Mortgage Pass-through Certificates, Series 2007-0A4; Defendants QBE FIRST Insurance Agency, Inc. n/k/a NGLS Insurance Services, Inc., Meritplan Insurance Company, and Newport Insurance Company; and, Defendant Select Portfolio Servicing, Inc. (collectively, "Defendants"; together with Plaintiff, each a "Party" and collectively the "Parties"), agree that this lawsuit (the "Action") may require or otherwise involve the disclosure of confidential, personal, proprietary, financial or trade secret documents or information, and that such documents or information should remain confidential.

WHEREAS the Parties in their personal and/or business practices have gone to great lengths to safeguard and protect the confidentiality of their confidential, personal, proprietary, financial or trade secret documents and information, the disclosure of which would pose a substantial risk of irreparable harm to the Parties' legitimate personal, proprietary, or business interests;

WHEREAS this Protective Order provides reasonable restrictions on the use and disclosure of such documents and information;

WHEREAS all Parties agree to the terms of this Protective Order to protect such documents and information;

THEREFORE, in view of the foregoing and because the Parties hereto, by and through their respective counsel, have agreed to the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rules of the Central District of California, and the Court having determined that good cause exists for the entry of this Protective Order,

IT IS HEREBY STIPULATED AND ORDERED THAT the following procedures shall be employed and the following restrictions shall govern the

handling of documents, depositions, pleadings, exhibits and all other information produced or otherwise disclosed in this Action:

### PRIVACY PROTECTIONS

1.      Before  any document designated as "Confidential" pursuant to the terms of this Protective Order  may be disclosed to a third party or filed with the Court or any other entity, when such document includes a social security number or an individual's tax identification number, employee identification number, bank account number, credit card account number, charge account number, debit card account number, driver's license number, passport number, telephone number, a name of a person known to be a minor, a person's birth date, a financial account number, brokerage account number, insurance policy account number, loan account number, customer account number, patient or health care number, email address, computer user name, password, personal identification number (PIN), or the home address of a person, it will be redacted as follows:

        a.      The social security number will be completely redacted;

        b.      The bank account number will be completely redacted;

        c.      The credit card account number will be completely redacted;

        d.      The debit card account number will be completely redacted;

        e.      The charge account number will be completely redacted;

        f.      All digits except the last four digits of the financial account number (except as set forth in b-e) will be redacted;

        g.      All digits except the last four digits of the taxpayer identification number (TIN) will be redacted;

        h.      All digits except the last four digits of the employee identification number will be redacted;

        i.      All digits except the last four digits of the driver's license number will be redacted;

1          j.      All digits except the last four digits of the passport number will

2  be redacted;

3          k.      All digits except the last four digits of the telephone number will

4  be redacted;

5          l.      All digits except the last four digits of the brokerage account

6  number will be redacted;

7          m.      All digits except the last four digits of the insurance policy

8  number will be redacted;

9          n.      All digits except the last four digits of the loan account number

10  will be redacted;

11          o.      All digits except the last four digits of the customer account

12  number will be redacted;

13          p.      All digits except the last four digits of the patient or health care

14  number will be redacted;

15          q.      The email address will be truncated;

16          r.      The computer user's name will be truncated;

17          s.      The password will be truncated;

18          t.      The personal identification number (PIN) will be truncated;

19          u.      All information except the minor's initials will be redacted;

20          v.      All information except the year of birth will be redacted;

21          w.      All information except the city and state of the home address will

22  be redacted.

23      The full address of the properties that are secured by the loans that are the

24  subject of this Action may be disclosed without redaction.

25                    **<u>DESIGNATING PROTECTED MATERIAL</u>**

26      2.      The Parties may designate as "Confidential" any documents, testimony,

27  or other material produced during this Action that any Party believes in good faith to

28  be entitled to such designation, or if state or federal law requires such designation.

3

1  "Confidential Material" as used in this Protective Order shall refer to any so
2  designated material, all copies thereof, and the information contained in such
3  material.

4          3.     Material may be designated as Confidential by placing or affixing on
5  such material a CONFIDENTIAL notice or the equivalent of such notice.
6  Designations shall be made by stamping each designated page, if practicable, or
7  otherwise by stamping the title page, CD, DVD, hard drive or other medium
8  containing such designated Confidential Material; or as otherwise set forth herein.
9  Any Confidential Material designation that is inadvertently omitted during
10 document production may be corrected retroactively by written notification to
11 counsel for the non-designating Party within fifteen (15) business days of the
12 discovery of the inadvertent production or failure to designate.

13         4.     A Party or non-party that makes original material available for
14 inspection need not designate it as Confidential Material until after the inspecting
15 Party has indicated which material it would like copied and produced.  During the
16 inspection and prior to the designation and copying, all of the material made
17 available for inspection shall be considered Confidential Material.

18         5.     Transcripts of a deposition or other testimony, or portions thereof may
19 be designated by any Party as containing Confidential Material under this Protective
20 Order by so notifying the court reporter and the non-designating Parties at any time
21 during or after the conclusion of the deposition or other testimony, or by sending a
22 notice to all counsel of record within thirty (30) business days following the
23 deposition or other testimony. In all events, all deposition transcripts or other
24 testimony shall be treated as Confidential Material for thirty (30) days after receipt
25 of the transcript by the Parties.  Unless otherwise agreed to by all Parties, during any
26 deposition that includes testimony designated as Confidential Material, any and all
27 individuals who are not entitled to access such testimony under the terms of this
28 Protective Order shall be excluded from the deposition.

6.     A Party may designate as Confidential Material any material produced by another Party or non-party by providing written notice to all Parties of the relevant Bates numbers or other identification within fifteen (15) business days after receiving such material.

7.     Nothing in this Protective Order is an admission by any Party that information is either relevant or discoverable.  Nothing in this Protective Order shall prevent the Parties from using or disclosing their own Confidential Material as they see fit.

## INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

8.     The Parties agree that they will not assert that the inadvertent production of material subject to the attorney-client privilege—or other privilege or protection that otherwise would entitle the producing Party to withhold production of the material, including but not limited to the attorney work-product doctrine—constitutes a waiver of the privilege or protection. Once the producing Party provides notice of inadvertent production to the requesting Party, the requesting Party must promptly return the specified document or material and any copies thereof and certify in writing that such document or material, and all copies, have been returned, even if the requesting Party disputes whether the specified document is in fact privileged or otherwise protected from disclosure.  The only exception to this requirement that all copies be returned is set forth in paragraph 8.a. below.

a.     By complying with the obligations set forth in paragraph 8, the requesting Party does not waive any right it has to challenge the assertion of privilege or other protection from disclosure and may request an order of the Court overruling such claim of privilege or protection from disclosure.  The requesting Party may, contemporaneous with its return of the inadvertently produced material, file a motion requesting that the Court rule on whether the material is subject to the attorney-client privilege or any other privilege or protection.  The requesting Party

may submit a copy of the inadvertently produced material to the Court for in camera review in conjunction with the motion, but the requesting Party shall not retain possession of any other copies of the inadvertently produced material.  The requesting Party may not file the inadvertently produced material with the Court until there is a final, non-appealable order determining the material is not privileged or otherwise protected from disclosure.

## ACCESS TO AND USE OF PROTECTED MATERIAL

9.     All material produced in this Action, whether or not designated Confidential Material, shall be used solely in connection with the prosecution or defense of this Action.  Under no circumstances shall Confidential Material be used for any business, commercial, competitive or personal purposes, or in or for any litigation which is not a part of this Action.

10.     Confidential Material shall be maintained in strict confidence by the Party to whom it is produced and shall not be given, shown, made available, communicated, or in any way disclosed to any person except the following:

a.     The Parties;

b.     The Court, court reporters, and court personnel, in any further proceeding herein;

c.     The Parties' attorneys who are actively engaged in the prosecution or defense of this Action and those persons employed in the course of assisting such attorneys, namely paralegals, secretaries, and other office personnel;

d.     In-house counsel for a Party to this Action, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such Confidential Material in furtherance of the prosecution or defense of the Action;

e.     Non-party fact witnesses at, or in preparation for, deposition or trial, provided they sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to this Protective Order before being shown Confidential

1  Material, and provided further they do not retain any copies of any Confidential
2  Material;

3        f.    Third parties engaged by the attorneys for the Parties to provide
4  services related to the prosecution or defense of this Action, such as copy services,
5  translation services, data coding, and data entry and retrieval services, provided they
6  sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to
7  this Protective Order before being shown Confidential Material, and provided
8  further they do not retain any copies of any Confidential Material;

9        g.    Outside consultants and experts engaged by the attorneys for the
10  Parties to assist in the prosecution or defense of this Action, provided that they sign
11  the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to this
12  Protective Order before being shown Confidential Material, and provided further
13  they do not retain any copies of any Confidential Material;

14        h.    Insurers of the Defendant(s) in this Action, provided that they
15  sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to
16  this Protective Order before being shown Confidential Material, and provided
17  further they do not retain any copies of any Confidential Material; and

18        i.    Any other persons as the Parties may agree to in writing or as the
19  Court may, upon hearing, so direct, provided that they sign the "Acknowledgement
20  and Agreement to Be Bound" attached as Exhibit A to this Protective Order before
21  being shown Confidential Material, and provided further they do not retain any
22  copies of any Confidential Material, or as may otherwise be ordered by the Court.

23      The "Acknowledgements and Agreement to Be Bound" that are required to be
24  signed as provided in this Protective Order shall be retained by counsel for the Party
25  disclosing the Confidential Material.

26      11.    Any persons receiving Confidential Material shall not reveal such
27  Material to, or discuss such Material with, any person who is not entitled under this
28  Protective Order to receive such Material. If a Party or any of its representatives,

including counsel, inadvertently discloses any Confidential Material to persons who are not authorized to use or possess such Material, that Party shall (a) provide immediate written notice of the disclosure to the producing Party, and, if different, to the designating Party and the Party whose Material was inadvertently disclosed, (b) use its best efforts to retrieve all copies of the inadvertently disclosed Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons sign the Acknowledgement and Agreement to Be Bound. If a Party or any of its representatives, including counsel, has actual knowledge that Confidential Material is being used or possessed by a person not authorized to use or possess that Material, regardless of how the Material was disclosed or obtained by such person, the Party or its representative shall provide immediate written notice of the unauthorized use or possession to the Party or non-party whose Material is being used or possessed.

12.    At the conclusion of this Action, including any appeals, all Confidential Material remaining subject to this Protective Order and all copies thereof (including those provided to outside experts or other third parties) shall, upon written request within thirty (30) days of the conclusion of this Action (including any appeals), be returned to the producing Party (or, if the Parties agree, destroyed), except that no Party shall be obliged to return any discovery material (or any copies thereof) that was admitted into evidence at trial.

13.    Absent written permission from the designating Party or a court order secured after appropriate notice to all interested persons, all Confidential Material to be filed with the Court shall be filed under seal, or with the Confidential Material redacted as set forth in Paragraph 1 of this Protective order, and as otherwise required in accordance with Central District of California Local Civil Rule 79-5. The Parties acknowledge that this Protective Order creates no entitlement to file Confidential Material under seal; the Party seeking to file Confidential Material

/ / /

under seal or to redact such Material from any filing shall follow the procedures specified by this Court.

14.     Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's Confidential Material shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

15.     If a court, government agency or third party orders or subpoenas production of Confidential Material from a Party, such Party shall promptly notify counsel for the Party or non-party who produced or designated the subject Material of the pendency of such order, subpoena, or other form of compelled production, and shall furnish counsel with a copy of that subpoena, order, or other form of compelled production. Such Party also shall promptly inform in writing the court, government agency or third party which caused the order, subpoena, or other form of compelled production to issue that some or all of the matter covered by the order or subpoena is subject to this Protective Order.

16.     Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use in open court any Confidential Material, provided that if a Party intends to use any Confidential Material in open court, reasonable advance notice of such intended use shall be given to counsel for the designating Party, which may apply to the Court for further protection of the confidentiality of such material.

## **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17.     The Parties shall attempt to resolve disputes about the status or use of Confidential Material on an informal basis.  The objecting Party will bear the burden of initiating and conducting a sufficient meet and confer.  If the Parties are unable to resolve any such dispute, the Party objecting to the designation may initiate the dispute resolution process under Central District of California Local Rule 37-1 *et seq.*  Any challenge submitted to the Court for an order changing the designated

status of such materials or otherwise relieving the objecting Party from restrictions contained in this Protective Order shall be through a joint stipulation pursuant to Central District of California Local Rule 37-2.  The Party proponent of the designation shall bear the burden of showing good cause to support the designation pursuant to the Federal Rules of Civil Procedure governing discovery. During the interim period between the initial designation of the material by a Party and the Court's determination of a timely motion, such material shall be treated as Confidential Material.

## MISCELLANEOUS

18.    This Protective Order is without prejudice to the right of any Party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

19.    This Protective Order shall inure to the benefit of and be enforceable by non-parties with respect to information produced by them in the course of this Action.

20.    Upon termination of this litigation, this Court retains jurisdiction for the purpose of enforcing this Protective Order.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  March 27, 2017                    ___/s/ Frederick F. Mumm___
                                     FREDERICK F. MUMM
                            UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

1

## **EXHIBIT A**

2

3

4

5

6

7

### **UNITED STATES DISTRICT COURT**

8

### **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9

| | |
|---|---|
| GARY CRAIG HADDOCK, | Case No. 2:14-cv-06452-PSG-FFM |
| Plaintiff, | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |
| vs. | |
| COUNTRYWIDE BANK, N.A., COUNTRYWIDE HOME LOANS, INC; COUNTRYWIDE FINANCIAL CORPORATION; BANK OF AMERICA, N.A.; BAC HOME LOAN SERVICING, L.P.; THE BANK OF NEW YORK MELLON fka The Bank of New York as Trustee for the Holders of CWALT, INC., ALTERNATIVELY LOAN TRUST 2007-OA4 Mortgage Pass-through Certificates, Series 2007-OA4; MERITPLAN INSURANCE COMPANY; NEWPORT INSURANCE COMPANY; QBE FIRST INSURANCE AGENCY; SELECT PORTFOLIO SERVICING, INC. | District Judge: Hon. Philip S. Gutierrez Magistrate Judge: Frederick F. Mumm  Courtroom:     880 |
| Defendants. | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order (the "Protective Order") entered by the Court in the above-captioned action (the "Action").  I agree to comply with and to be bound by all the terms of that Protective Order.  I solemnly promise that I will not disclose in any manner any matter or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.  Should I breach this Acknowledgement and Agreement to be Bound ("Acknowledgement"), I understand that the Parties shall be entitled to an injunction or other equitable relief as a remedy for such breach and/or the recovery of damages and attorney's fees incurred in the prosecution of any legal proceeding brought to enforce the terms of this Acknowledgement and the Protective Order.

For the purpose of enforcing the terms of the Protective Order and Acknowledgement, I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, solely with respect to any action to enforce the terms of the Protective Order and this Acknowledgment, even if such enforcement proceedings occur after termination of this Action.

Date: _____

Address: _____

_____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER